Daniel J. Colvin
_____
*(your name)*
81 Old Clyde Park Road
_____
*(your street address)*
Livingston, MT 59047
_____
*(city, state, zip code)*
406-223-1342
_____
*(your phone number)*
Plaintiff Pro Se

2020 MAY  6  AM 8 16

FILED
BY [ROBIN LEE]
_____
DEPUTY

MONTANA _____6th_____ JUDICIAL DISTRICT COURT,
*(number of district in which your county is located)*
_____Park___ COUNTY
*(name of your county)*

| | |
|---|---|
| Daniel J. Colvin<br>_____,<br><br>Plaintiff,<br><br>vs.<br><br>Comenity Bank<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Your Cause No.** DV 20-65

**Complaint**

COMES NOW the Plaintiff, Daniel J. Colvin, respectfully states the following:

1. In God We Trust/ USA Inc. Filing (See Attached Exhibit A).

2. FDCPA Violation $1000.00 (See Attached Exhibit B) Equifax Credit Report Dated this
   21st Day of March , 20 20 .

3. FCRA Violation $1000.00 (See Attached Exhibit C) Equifax Credit Report Dated this
   21st Day of March , 20 20 .

4. Montana State Statutes of FDCPA Violations (See Attached Exhibit D).

**Exhibit A**

THEREFORE the Plaintiff respectfully asks this court to grant the following:

1. The Account # _778850202086031 6_____ and Full

   Amount of Debt being Owed _$2,000_____, INCLUDING ANY Interest,

   Fines, or Penalties to be Dismissed/Dissolved IMMEDIATELY.

2. The Debt to be REMOVED from ALL Credit Bureaus (i.e. Experian, TransUnion,

   Equifax, Innovis, FICO, etc.) for Plaintiff IMMEDIATELY.

3. Plaintiff Requests to be Awarded ___$3,000.₀₀___ Amount.

   By: _Daniel L. Colvin_____
   *(Your signature)*

   By: _Daniel S. Colvin_____
   *(Print your name)*

   _5-6-2020_____
   *(Date)*

State of Montana         )

County of ___PARK___     ) : ss
                    )

___Daniel J. Colvin___ being first duly sworn, upon oath, deposes and says as follows: I am the Plaintiff in the foregoing Complaint. I have read the foregoing Complaint and the facts of the matter contained herein are true, correct and complete to the best of my knowledge and belief.

_____
Plaintiff

Signed and sworn to (or affirmed) before me this ___30___ day of ___March___, 20 __20__.

_____
(Signature of notary)

___William E. Greer JR.___
(Printed name of notary public)

Notary public for the state of ___Montana___

Residing at: ___Livingston___

My commission expires: ___8-15-21___

WILLIAM E GREER JR
Notary Public
for the State of Montana
Residing at:
Livingston, Montana
My Commission Expires:
August 15, 2021

# Exhibit A

2020 MAY 20  AM 11: 14

SHERIFF'S OFFICE

1. **In God We Trust/ USA Inc. – This is the text for the in God We Trust/USA Inc. filing:**

Defendant is not Licensed to do business as required by Montana Code Annotated 2019 Title 30. Trade and Commerce Chapter 14. Unfair Trade Practices and Consumer Protection Part 14. Montana Telemarketing Registration and Fraud Prevention Act. Defendant is not licensed by the state of Montana and is not Registered at the Secretary of State of Montana and has no registered agent in Montana all of which prove the defendant only engages in illegal activity in the state of Montana. Defendant is acting as an unlicensed and unregistered agent of the In God We Trust USA Inc. (see attached exhibit A, B.) Which is itself (In God we trust/USA Inc.) Not licensed to conduct business in Montana nor is it registered at the Montana Secretary of State either. Simply put, "dollars" are actually In God We Trust/USA Inc. Promissory notes and are used illegally in the state of Montana under all circumstances enforcing the population of the state of Montana to use In God We Trust/USA Inc. promissory notes fits the definition of domestic terrorism and slavery.

Notice to principle is notice to agent. Notice to agent is notice to principle. Any agent, to include anyone acting on Defendant's behalf, of either of these unlicensed entities is equally liable for their principal's actions. Defendant has no license to originate, collect or issue an In God We Trust/USA Inc. promissory notes in the state of Montana colloquially Known as "dollars" Which are ambiguous proving collusion and conspiracy at all levels of government and banking as all banking uses these illegal business practices which are nothing more than illegal financial pyramid scheme developed between Defendant an In God We Trust /USA Inc. this claim provides ample evidence for the immediate arrest and conviction of all officers of Defendant an In God We Trust /USA Inc. on charges of domestic terrorism and slavery. Amount of claim is $33 for illegally collected invalidated debt against the Plaintiff. On the record, Plaintiff requests the full amount of the domestic terrorism fine of $1,000,000 to be awarded to a charity of Plaintiff's choice. Anyone in the judicial system that sees this evidence and does not stop this continuous slavery and domestic terrorism becomes equally liable for Defendant's actions both personally and professionally and themselves become guilty of domestic terrorism and slavery.

# In God We Trust/U.S.A. Inc.

2415 W Seybert Philadelphia PA 19121

Home (/) /   Philadelphia (/city/3/philadelphia,1)
/   In God We Trust/U.S.A. Inc.

SPONSORED SEARCHES

best lawyer in philadelphia   cheapest way to get to philadelphia   house prices in philadelph

old photos of south philadelphia   trust 16904   manufacturing industr

## Company Info

In God We Trust/U.S.A. Inc. company type is Business Corporation. Company Number assigned to this business is 3122935 and state of formation is Pennsylvania.

This company business address is 2415 W Seybert Philadelphia PA 19121. You can find this business by geo coordinates: 39° 58' 33.6" N , 75° 10' 32.2" W.

In God We Trust/U.S.A. Inc. was incorporated on Friday 7th February 2003, so this company age is seventeen years, twenty-three days. Current company status of this company is Active.

There are one officers in this business. They are: Clifton Horsey (President).

## In God We Trust/U.S.A. Inc. on map



## Business Debts?

50,000 Business Debts Resolved.Take Back Your Business - No Surrender. Call Us Now.

Corporate Turnaround    OPEN

## People

| Owner | - |
| President Name | - |
| Treasurer Name | - |

## QR Code

Scan QR Code below with qrcode app on your smarthpone to get In God We Trust/U.S.A. Inc. data.



In God We Trust/U.S.A. Inc.

SPONSORED SEARCHES

best lawyer in philadelphia          cheapest way to get to philadelphia          house prices in philadelph

old photos of south philadelphia          manufacturing industry          quick cash philadelph

## Key Data

| | |
|---|---|
| Name | In God We Trust/U.S.A. Inc. |
| State of Formation | PA |
| Company Id | 3122935 |
| Company Type | Business Corporation |
| Company Status | Active |
| Incorporation Date | 2003-02-07 |
| Company Age | seventeen years, twenty-three days |
| Citizenship | Domestic |
| Previous Name | - |
| Termination Date | - |
| Dissolution Date | - |
| Effective Date | - |

## Address

**Principal Address**

2415 W Seybert Philadelphia PA 19121
United States

**GPS Coordinates**
Latitude: 39° 58' 33.6" N
Longitude: 75° 10' 32.2" W

## Filings

| Id | Date Filed | Description |
|---|---|---|
| 1432143 | 2003-02-07 | Articles Of Incorporation 1 |

SPONSORED SEARCHES

best lawyer in philadelphia          cheapest way to get to philadelphia

house prices in philadelphia usa          old photos of south philadelphia

## Officers

| Id | Name | Title | Address |
|---|---|---|---|
| 800337 | Clifton Horsey | President | 2415 W Seybert Philadelphia PA 19121-51 |

Delete this data   (/delete/996083/in-god-we-trust-u-s-a-inc.html)

## Similar Companies

| Name | Address | Status |
|---|---|---|
| In "His" Hands Plumbing, Heating And Appliances (/company/2050321/in-his-hands-plumbing-heating-and-appliances) | Rd 3 Box 3322 Susquehanna PA 18847 | Active |
| In & Around (/company/3300788/in-around) | 314 Rose Point Rd New Castle PA 16101 | Active |

## Nearby Companies

| Name | Address | Status |
|---|---|---|
| Coalition Of African American Cultural Organizations (/company/999472/coalition-of-african-american-cultural-organizations) | 1346 North Broad St Phila PA 19121 | Active |
| Shel-Sone' Realty Inc (/company/998802/shel-sone-realty-inc) | 1906 W Diamond St Phila PA 19121 | Active |

# 15 U.S. Code § 1692k. Civil liability

U.S. Code     Notes

**(a) AMOUNT OF DAMAGES** Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

**(1)** any actual damage sustained by such person as a result of such failure;

**(2)**

**(A)** in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

**(B)** in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

**(3)** in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

**(b) FACTORS CONSIDERED BY COURT** In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors—

**(1)** in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of

such noncompliance, and the extent to which such noncompliance was intentional; or

**(2)** in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

## (c) INTENT

A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## (d) JURISDICTION

An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

## (e) ADVISORY OPINIONS OF BUREAU

No provision of this section imposing any liability shall apply to any act done or omitted in good faith in conformity with any advisory opinion of the Bureau, notwithstanding that after such act or omission has occurred, such opinion is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

(Pub. L. 90–321, title VIII, § 813, as added Pub. L. 95–109, Sept. 20, 1977, 91 Stat. 881; amended Pub. L. 111–203, title X, § 1089(1), July 21, 2010, 124 Stat. 2092.)

▷ ✕

Pro Bono Attorneys Near You - Free Attorneys Near You                                    OPEN

Find Free Legal Attorneys Near You. Find Out How! iopattorneysnearby.com/Pro+Bono

# Exhibit B

2020 MAY 20 AM 11: 14

SHERIFF'S OFFICE

# Fair Debt Collection Practices Act

## Background

A creditor may seek to collect an outstanding debt in several ways. However, because of "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," 15 U.S.C. § 1692, in 1978, Congress enacted the Fair Debt Collection Practices Act (FDCPA), codified in 15 U.S. Code Subchapter V.

## Overview

The FDCPA provides debtors with a means for challenging payoff demands, and for determining the validity and accuracy of asserted debts. 15 U.S.C. §1692g. Perhaps more importantly, however, the FDCPA establishes ethical guidelines for the collection of consumer debts. Congress targeted such behavior because it found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. " 15 U.S.C. §1692.

### Prohibitions on Debt Collector Action

"The FDCPA broadly prohibits a debt collector from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.' 15 U.S.C. § 1692e." The statute enumerates several examples of such practices, 15 U.S.C. § 1692e, as well as several examples of unfair practices, 15 U.S.C. § 1692f. The FDCPA also provides, for example, that debt collectors may not harass or annoy debtors, may not threaten debtors with arrest, and may not threaten legal action unless litigation actually is being contemplated. 15 U.S.C. §1692d.

The FDCPA prohibits debt collectors from contacting debtors before 8:00 a.m. or after 9:00 p.m., but it does not prohibit debt collectors from contacting debtors on holidays or weekends unless they know or have reason to know that doing so would be "inconvenient" to the debtor. The FDCPA even gives debtors the right to demand that the third-party debt collector terminate all further communications, but the demand must be in writing. 15 U.S.C. § 1692c.

The FDCPA prohibits third-party debt collectors from contacting a debtor directly if they know the debtor is represented by counsel. 15 U.S.C. § 1692b.

Requirements for Debt Collector Action

Additionally, in their first communication with the consumer, debt collectors are required "to notify debtors about their ability to challenge the validity of a debt and to provide other basic information.." *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643, 653 (S.D.N.Y. 2006) (citing 15 U.S.C. §1692g). This includes informing the debtor of his or her right to ask the collection agency to "validate" the debt.

Enforcement

In addition to administrative enforcement (15 U.S.C. § 1692l), the FDCPA provides for private rights of action against debt collectors, and permits debtors to recover actual damages, statutory damages, and attorneys' fees and costs for violations of its terms. 15 U.S.C. § 1692k.

State Application

Preliminarily, the FDCPA generally applies only to third party debt collectors; the statutory scheme was not intended to cover the conduct of the original creditor. However, some states, such as California, have enacted consumer protection statutes that provide broader coverage than the FDCPA, and they may include the conduct of the original creditor within their sweep. The FDCPA permits such state laws. 15 U.S.C. § 1692n.

## Further Reading

For more on the FDCPA, see this University of Berkeley Law Review article, this Brooklyn Law Review article, and this St. John's University Law Review article.

- wex
  - COMMERCE
  - commercial activities
  - consumer protection
  - finance
  - financial services
  - commercial law
  - LIFE EVENTS
  - financial events
  - money and financial problems
  - wex articles
  - wex backgrounders
- Keywords
  - bankruptcy
  - DEBT
  - DEBT COLLECTOR
  - Fair Debt Collection Practices Act

# 15 U.S. Code § 1692g. Validation of debts

U.S. Code     Notes

**(a) NOTICE OF DEBT; CONTENTS** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

**(1)** the amount of the debt;

**(2)** the name of the creditor to whom the debt is owed;

**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**(b) DISPUTED DEBTS**

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original

creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

**(c) ADMISSION OF LIABILITY**
The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

**(d) LEGAL PLEADINGS**
A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

**(e) NOTICE PROVISIONS**
The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by title 26, title V of Gramm-Leach-Bliley Act [15 U.S.C. 6801 et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

(Pub. L. 90–321, title VIII, § 809, as added Pub. L. 95–109, Sept. 20, 1977, 91 Stat. 879; amended Pub. L. 109–351, title VIII, § 802, Oct. 13, 2006, 120 Stat. 2006.)

# § 3-104. NEGOTIABLE INSTRUMENT.

(a) Except as provided in subsections (c) and (d), **"negotiable instrument"** means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:

(1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder;

(2) is payable on demand or at a definite time; and

(3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor.

(b) **"Instrument"** means a negotiable instrument.

(c) An order that meets all of the requirements of subsection (a), except paragraph (1), and otherwise falls within the definition of "check" in subsection (f) is a negotiable instrument and a check.

(d) A promise or order other than a check is not an instrument if, at the time it is issued or first comes into possession of a holder, it contains a conspicuous statement, however expressed, to the effect that the promise or order is not negotiable or is not an instrument governed by this Article.

(e) An instrument is a **"note"** if it is a promise and is a **"draft"** if it is an order. If an instrument falls within the definition of both "note" and "draft," a person entitled to enforce the instrument may treat it as either.

(f) **"Check"** means (i) a draft, other than a documentary draft, payable on demand and drawn on a bank or (ii) a cashier's check or teller's check. An instrument may be a check even though it is described on its face by another term, such as "money order."

(g) **"Cashier's check"** means a draft with respect to which the drawer and drawee are the same bank or branches of the same bank.

(h) **"Teller's check"** means a draft drawn by a bank (i) on another bank, or (ii) payable at or through a bank.

(i) **"Traveler's check"** means an instrument that (i) is payable on demand, (ii) is drawn on or payable at or through a bank, (iii) is designated by the term "traveler's check" or by a substantially similar term, and (iv) requires, as a condition to payment, a countersignature by a person whose specimen signature appears on the instrument.

(j) **"Certificate of deposit"** means an <u>instrument</u> containing an acknowledgment by a bank that a sum of money has been received by the bank and a <u>promise</u> by the bank to repay the sum of money. A certificate of deposit is a <u>note</u> of the bank.

‹ § 3-103. DEFINITIONS. up § 3-105. ISSUE OF INSTRUMENT. ›

# § 3-501. PRESENTMENT.

(a) "**Presentment**" means a demand made by or on behalf of a person entitled to enforce an instrument (i) to pay the instrument made to the drawee or a party obliged to pay the instrument or, in the case of a note or accepted draft payable at a bank, to the bank, or (ii) to accept a draft made to the drawee.

(b) The following rules are subject to Article 4, agreement of the parties, and clearing-house rules and the like:

(1) Presentment may be made at the place of payment of the instrument and must be made at the place of payment if the instrument is payable at a bank in the United States; may be made by any commercially reasonable means, including an oral, written, or electronic communication; is effective when the demand for payment or acceptance is received by the person to whom presentment is made; and is effective if made to any one of two or more makers, acceptors, drawees, or other payors.

(2) Upon demand of the person to whom presentment is made, the person making presentment must (i) exhibit the instrument, (ii) give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so, and (iii) sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.

(3) Without dishonoring the instrument, the party to whom presentment is made may (i) return the instrument for lack of a necessary indorsement, or (ii) refuse payment or acceptance for failure of the presentment to comply with the terms of the instrument, an agreement of the parties, or other applicable law or rule.

(4) The party to whom presentment is made may treat presentment as occurring on the next business day after the day of presentment if the party to whom presentment is made has established a cut-off hour not earlier than 2 p.m. for the receipt and processing of instruments presented for payment or acceptance and presentment is made after the cut-off hour.

‹ PART 5. DISHONOΓ up § 3-502. DISHONOR. ›



Home          Recommendations          Cards          Loans

| TransUnion | Equifax |
|---|---|

## Check your credit factors for guidance and tips



**534**

## Needs Work

**See what's changed →**

How is my score calculated? ○

**CREDIT COACHING**

MISSED PAYMENT                                                    NEW

**This missed payment is hurting your score. Want some help?**

**COMENITYBANK/WAYFAIR CAR** 💳
Past Due $195

# Accounts



Home    Recommendations    Cards    Loans

Here's every account on your TransUnion report. Click on the account name for more details.

---

### See an error?

You can submit a dispute without leaving Credit Karma. Look for Direct Dispute™ in the details of the account.

---

**CREDIT CARDS**

**COMENITYBANK/WAYFAIR CAR**                    **$2,003.00**  -
Reported: Apr. 18, 2020                        **Needs Attention**

### Overview

You're currently using **100%** of your account's limit.

| Balance | Credit limit |
|---|---|
| $2003 | $2000 |

| Monthly payment | $71 |
|---|---|

| Opened | Nov. 03, 2019 (6 mos) |
|---|---|

### Payment History

You've made **75%** of payments for this account on time.

|      | J | F | M | A | M | J | J | A | S | O | N | D |
|------|---|---|---|---|---|---|---|---|---|---|---|---|
| 2020 | ✓ | ✓ | ✗ |   |   |   |   |   |   |   |   |   |
| 2019 |   |   |   |   |   |   |   |   |   |   |   | ✓ |

Home   Recommendations   Cards   Loans

Last payment                                            Jan. 08, 2020

Current Payment Status                                  60-89 Days Late

Amount past due                                         $195

Worst Payment Status                                    60-89 Days Late

**Account Details**

Account status                                          **Open**

Type                                                    **Charge account**

Responsibility                                          **Individual**

Remarks                                                 **No Info**

Times 30/60/90 days late                                **1/0/0**

Closed                                                  **No Info**

**See an error?**

**DIRECT DISPUTE™**

If there's an error on your report, you can submit a dispute without leaving Credit Karma.

**DISPUTE AN ERROR**

**Creditor Information**

COMENITYBANK/WAYFAIR CAR
PO BOX 182789
COLUMBUS, OH 43218

# Exhibit C

# Fair Credit Reporting Act (FCRA)

Legislation that regulates both consumer reporting agencies and consumer reports. It applies to information reported on individuals concerning their personal lives such as: information collected, used, or expected to be used to evaluate eligibility for credit, insurance,  and employment; assessment of risks and review of consumer accounts; certain government licenses or benefits and determinations regarding child support; other business transactions involving a consumer in his or her role as consumer.

- wex
    - COMMERCE
    - commercial activities
    - banking

# 15 U.S. Code § 1692g. Validation of debts

U.S. Code     Notes

**(a) NOTICE OF DEBT; CONTENTS** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

   **(1)** the amount of the debt;

   **(2)** the name of the creditor to whom the debt is owed;

   **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   **(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**(b) DISPUTED DEBTS**

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original

creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

**(c) ADMISSION OF LIABILITY**

The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

**(d) LEGAL PLEADINGS**

A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

**(e) NOTICE PROVISIONS**

The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by title 26, title V of Gramm-Leach-Bliley Act [15 U.S.C. 6801 et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

(Pub. L. 90–321, title VIII, §809, as added Pub. L. 95–109, Sept. 20, 1977, 91 Stat. 879; amended Pub. L. 109–351, title VIII, §802, Oct. 13, 2006, 120 Stat. 2006.)

# § 3-104. NEGOTIABLE INSTRUMENT.

(a) Except as provided in subsections (c) and (d), **"negotiable instrument"** means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:

(1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder;

(2) is payable on demand or at a definite time; and

(3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor.

(b) **"Instrument"** means a negotiable instrument.

(c) An order that meets all of the requirements of subsection (a), except paragraph (1), and otherwise falls within the definition of "check" in subsection (f) is a negotiable instrument and a check.

(d) A promise or order other than a check is not an instrument if, at the time it is issued or first comes into possession of a holder, it contains a conspicuous statement, however expressed, to the effect that the promise or order is not negotiable or is not an instrument governed by this Article.

(e) An instrument is a **"note"** if it is a promise and is a **"draft"** if it is an order. If an instrument falls within the definition of both "note" and "draft," a person entitled to enforce the instrument may treat it as either.

(f) **"Check"** means (i) a draft, other than a documentary draft, payable on demand and drawn on a bank or (ii) a cashier's check or teller's check. An instrument may be a check even though it is described on its face by another term, such as "money order."

(g) **"Cashier's check"** means a draft with respect to which the drawer and drawee are the same bank or branches of the same bank.

(h) **"Teller's check"** means a draft drawn by a bank (i) on another bank, or (ii) payable at or through a bank.

(i) **"Traveler's check"** means an instrument that (i) is payable on demand, (ii) is drawn on or payable at or through a bank, (iii) is designated by the term "traveler's check" or by a substantially similar term, and (iv) requires, as a condition to payment, a countersignature by a person whose specimen signature appears on the instrument.

(j) **"Certificate of deposit"** means an <u>instrument</u> containing an acknowledgment by a bank that a sum of money has been received by the bank and a <u>promise</u> by the bank to repay the sum of money. A certificate of deposit is a <u>note</u> of the bank.

< § 3-103. DEFINITIONS. up § 3-105. ISSUE OF INSTRUMENT. >

# § 3-501. PRESENTMENT.

(a) "**Presentment**" means a demand made by or on behalf of a person entitled to enforce an instrument (i) to pay the instrument made to the drawee or a party obliged to pay the instrument or, in the case of a note or accepted draft payable at a bank, to the bank, or (ii) to accept a draft made to the drawee.

(b) The following rules are subject to Article 4, agreement of the parties, and clearing-house rules and the like:

   (1) Presentment may be made at the place of payment of the instrument and must be made at the place of payment if the instrument is payable at a bank in the United States; may be made by any commercially reasonable means, including an oral, written, or electronic communication; is effective when the demand for payment or acceptance is received by the person to whom presentment is made; and is effective if made to any one of two or more makers, acceptors, drawees, or other payors.

   (2) Upon demand of the person to whom presentment is made, the person making presentment must (i) exhibit the instrument, (ii) give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so, and (iii) sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.

   (3) Without dishonoring the instrument, the party to whom presentment is made may (i) return the instrument for lack of a necessary indorsement, or (ii) refuse payment or acceptance for failure of the presentment to comply with the terms of the instrument, an agreement of the parties, or other applicable law or rule.

   (4) The party to whom presentment is made may treat presentment as occurring on the next business day after the day of presentment if the party to whom presentment is made has established a cut-off hour not earlier than 2 p.m. for the receipt and processing of instruments presented for payment or acceptance and presentment is made after the cut-off hour.

‹ PART 5. DISHONOr up § 3-502. DISHONOR. ›

 Home         Recommendations         Cards         Loans

| TransUnion | Equifax |
|---|---|

## Check your credit factors for guidance and tips



**534**

**Needs Work**

**See what's changed →**

How is my score calculated? ○

**CREDIT COACHING**

**MISSED PAYMENT**                                                                 **NEW**

**This missed payment is hurting your score. Want some help?**

**COMENITYBANK/WAYFAIR CAR**
Past Due $195

## Accounts


Home


Recommendations


Cards

Loans

Here's every account on your TransUnion report. Click on the account name for more details.

> **See an error?**
>
> You can submit a dispute without leaving Credit Karma. Look for Direct Dispute™ in the details of the account.

**CREDIT CARDS**

**COMENITYBANK/WAYFAIR CAR**
Reported: Apr. 18, 2020

$2,003.00
**Needs Attention**   +

**CAPITAL ONE BANK USA NA**
Reported: Apr. 13, 2020

$3,422.00
**Needs Attention**   +

**CAPITAL ONE BANK USA NA**
Reported: Apr. 09, 2020

$1,990.00
**Needs Attention**   +

**CAPITAL ONE BANK USA NA**
Reported: Apr. 04, 2020

$426.00
**Needs Attention**   +

**CITICARDS CBNA**
Reported: Apr. 21, 2020

$2,578.00
**In good standing**   +

**CITICARDS CBNA**
Reported: Apr. 17, 2020

$2,619.00
**In good standing**   +

**TD BANK USA/TARGET CREDI**
Reported: Apr. 09, 2020

$169.00
**In good standing**   +

**GENESIS/FEB-RETAIL**
Reported: Apr. 07, 2020

$1,611.00
**In good standing**   +


Home


Recommendations


Cards


Loans

## Overview

You're currently using **81%** of your account's limit.

| | |
|---|---|
| **Balance** | **Credit limit** |
| $1611 | $2000 |
| Monthly payment | $0 |
| Opened | Aug. 31, 2019 (8 mos) |

## Payment History

You've made **100%** of payments for this account on time.

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2020 | ✔ | ✔ | ✔ | | | | | | | | | |
| 2019 | | | | | | | | | ✔ | ✔ | ✔ | ✔ |

| | |
|---|---|
| Last payment | Feb. 05, 2020 |
| Current Payment Status | Current |
| Amount past due | $0 |
| Worst Payment Status | Current |



**Account Details**

Home
Recommendations 1
Cards
Loans

| | |
|---|---|
| Account status | Open |
| Type | Credit Card |
| Responsibility | Individual |
| Remarks | Account information disputed by consumer, meets FCRA requirements |
| Times 30/60/90 days late | 0/0/0 |
| Closed | No Info |

**See an error?**

**DIRECT DISPUTE™**

If there's an error on your report, you can submit a dispute without leaving Credit Karma.

**DISPUTE AN ERROR**

**Creditor Information**

GENESIS/FEB-RETAIL
PO BOX 4499
BEAVERTON, OR 97076

(866) 502-6439

**WEBBANK/FINGERHUT**                                    $0.00    +
Reported: Apr. 06, 2020                       In good standing

# Exhibit D

# 15 U.S. Code § 1681n. Civil liability for willful noncompliance

U.S. Code     Notes

(a) **IN GENERAL** Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—

> (1)
>
>> (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or
>>
>> (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;
>
> (2) such amount of punitive damages as the court may allow; and
>
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(b) **CIVIL LIABILITY FOR KNOWING NONCOMPLIANCE**
Any person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose shall be liable to the consumer reporting agency for actual damages sustained by the consumer reporting agency or $1,000, whichever is greater.

(c) **ATTORNEY'S FEES**

Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

**(d) CLARIFICATION OF WILLFUL NONCOMPLIANCE**
For the purposes of this section, any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and June 3, 2008, but otherwise complied with the requirements of section 1681c(g) of this title for such receipt shall not be in willful noncompliance with section 1681c(g) of this title by reason of printing such expiration date on the receipt.

(Pub. L. 90–321, title VI, §616, as added Pub. L. 91–508, title VI, §601, Oct. 26, 1970, 84 Stat. 1134; amended Pub. L. 104–208, div. A, title II, §2412(a)–(c), (e)(1), Sept. 30, 1996, 110 Stat. 3009–446; Pub. L. 110–241, §3(a), June 3, 2008, 122 Stat. 1566.)

# Montana Statute of Limitations on Debt Collection

## Montana Statute of Limitations on Debt Collection

Are you a Montana resident worried about debt? It's important to become familiar with the Montana statute of limitations on debt collections. A statute of limitations places a limit on how long after a debt is accrued that a creditor can file a lawsuit against a person. It's notable that debt collectors can pursue a debt indefinitely. However, the statute of limitations places a rigid boundary on how long creditors can use the state system to pursue that debt.

In Montana, the statute of limitations on written contracts, obligations, or liabilities is 8 years. Verbal contracts, accounts, or promises have a statute of limitation of 5 years. As for verbal obligations or liabilities that are not contracts, these have a statute of limitation of 3 years. For judgments of decrees in any U.S. court, creditors have 10 years to pursue Montana residents to collect debt. As for judgments rendered in a court not of record, this has a 6-year statute.

Of course, it's notable that in Montana, a written acknowledgment signed by the debtor or any payment on a debt serves as sufficient evidence to cause the Montana statute of limitations to start over.

**For more information on the Montana statute of limitations, [contact SmithMarco, P.C. here for a free consultation](#) or call us at 888-822-1777.**

Daniel J. Colvin
81 Old Clyde Park Road
Livingston, MT 59047
406-223-1342
Petitioner, Pro Se

PARK COUNTY CLERK
OF DISTRICT COURT
MOLLY BRADBERRY

2020 MAY  6  AM 8 16

FILED
BY ROBIN LEE
DEPUTY

MONTANA, _____6th_____ JUDICIAL DISTRICT COURT
_____Park_____ County

Daniel J. Colvin
_____,
                        Petitioner

And

Comenity Bank
_____ Respondent

) Cause No. DV 20-65
) Judge
)
)
)      **SUMMONS**
)
)
)
)

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED
RESPONDENT:**

**YOU, THE RESPONDENT, ARE HEREBY SUMMONED** to answer the Petition
in this action which is filed in the office of the above-named Court, a copy of
which is herewith served upon you, and to file your answer and serve a copy
thereof upon Petitioner's attorney within 21 days after the service of this
summons, exclusive of the day of service; and in case of your failure to appear or
answer, judgment will be taken against you by default, for the relief demanded in
the Petition.

GIVEN under my hand this ___6th___ day of ___May___, 20 20 at the
hour of ___8:10___ o'clock, ___A___ .m.

(SEAL)

MOLLY BRADBERRY
CLERK OF COURT

By: ___Robin Lee___
Deputy Clerk

3

PARK COUNTY CLERK
OF DISTRICT COURT
MOLLY BRADBERRY

**Daniel J. Colvin**
81 Old Clyde Park Road
Livingston, MT 59047
406-223-1342
Petitioner, Pro Se

2020 JUN  9  PM 2 16

FILED

BY _____

MONTANA, _____6th_____  **JUDICIAL DISTRICT COURT**
_____Park_____  County

2020 MAY 20  AM 11: 12

SHERIFF'S DEPT
IN STILL

| | |
|---|---|
| **Daniel J. Colvin** | ) Cause No. DV 20-65 |
| _____ | ) Judge |
| Petitioner | ) |
| | ) |
| And | ) |
| | ) **SUMMONS** |
| Comenity Bank- | ) |
| Respondent | ) |
| | ) |

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED RESPONDENT:**

**YOU, THE RESPONDENT, ARE HEREBY SUMMONED** to answer the Petition in this action which is filed in the office of the above-named Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon Petitioner's attorney within 21 days after the service of this summons, exclusive of the day of service; and in case of your failure to appear or answer, judgment will be taken against you by default, for the relief demanded in the Petition.

GIVEN under my hand this ___18th___ day of ___May___ , 20_20_ at the hour of ___8:10___ o'clock, ___A___.m.

MOLLY BRADBERRY
CLERK OF COURT
By: _____
Deputy Clerk



1.   A physical description of the Respondent/Defendant is:

_____

2.   The Respondent/Defendant ☐ does not/ ☐ does carry a weapon.

3.   At present, the Respondent/Defendant can be found:

☐   At his/her residence:_____

Times normally available at this address:_____ *Pray_____.

☒   At his/her place of employment: One Rights Play Suite 100

Times normally available at this address:   8 AM - 8PM.

☐   Other:_____

Times normally available at this address:_____.

Please serve the papers on the Respondent/Defendant as soon as possible. Please return the
original Summons to me at the address above, along with proof of service or a statement that you
were unable to locate the Respondent/Defendant.

DATED this 12th day of _____May_____, 2020

By: _Daniel J. Colvin_
Petitioner/Plaintiff Pro Se

By: _Daniel J. Colvin_
Print Name

### Record of Service (for Sheriff's use only)

I hereby certify that (Choose One):

☑   I personally served the Summons and the accompanying documents listed herein on the
Respondent/Defendant by delivering a copy of said Summons and documents to him/her
personally on the  29  day of ___May___, 20 20, in the County of
_Yellowstone_, State of ___DB___.

[ ]   After due effort, I was unable to locate or serve the Respondent/Defendant in the County
of _____, State of _____.

DATED this  29  day of ___May___, 20 20.

Sheriff

By: _Deputy Sheriff_
Deputy Sheriff



**Office of the Sheriff**
**New Castle County, Delaware**

**Scott T. Phillips**
**Sheriff**

Louis L. Redding City/County Bldg.
800 N. French Street, 5th Floor
Wilmington, DE 19801
Office: 302-395-8450, Fax: 302-395-8460

## AFFIDAVIT OF SERVICE

STATE OF DELAWARE)

6/2/2020

) SS

NEW CASTLE COUNTY)

### DANIEL J COLVIN
### vs
### COMENITY BANK

**Court Case # DV20-65**
**Sheriff # 20-002808**

Joseph Meriggi, being duly sworn, deposes that he/she is a Deputy Sheriff and avers that he/she served upon and left personally upon DEANNA DUDASH, SR FINANCIAL ANAYLIST for COMENITY BANK at ONE RIGHTER PARKWAY SUITE 100 WILMINGTON, DE 19803 , on 5/29/2020 at 11:45 AM a copy of SUMMONS, NOTICE OF ACKNOWLEGMENT OF RECEIPT OF SUMMONS & COMPLAINT AND COMPLAINT WITH EXHIBITS A, B, C, D.

I RECEIVED A VOICE MAIL MESSAGE IN SHERIFF OFFICE FROM DEANNA DUDASH, OF COMENIY BNK IN WHICH SHE PROVIDED NUMBER 302 529 6167. I CALLED NUMBER AND SPOKE WITH DEANNA. SERVICE ARRANGEMENTS WERE MADE I RESPONDED TO ABOVE AND CONTACTED DEANNA DUDASH, SR FINANCIAL ANALYST, WHO WAS SERVED AND ACCEPTED THE DOCUMENT.

Fees Paid: $75.00

**Joseph Meriggi, Deputy Sheriff**

STATE OF DELAWARE)

) SS

NEW CASTLE COUNTY)

**BE IT REMEMBERED** that on 6/2/2020 personally came before me, the Subscriber, a Notary Public of the State of Delaware, Joseph Meriggi, a Deputy Sheriff of New Castle County and State of Delaware and stated that the facts stated above are true and correct.

**SWORN AND SUBSCRIBED** before me, the date and year aforesaid.



**Office of the Sheriff**
**New Castle County, Delaware**

**Scott T. Phillips**
**Sheriff**

Louis L. Redding City/County Bldg.
800 N. French Street, 5th Floor
Wilmington, DE 19801
Office: 302-395-8450, Fax: 302-395-8460

Notary Public

LINDA JANE KAHN
MY COMMISSION EXPIRES
MARCH 11, 2023
NOTARY PUBLIC
STATE OF DELAWARE