IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DANIEL J. COLVIN,<br><br>Plaintiff,<br><br>vs.<br><br>COMENITY BANK,<br><br>Defendant. | Cause No. CV 20-87-BLG-SPW-TJC<br><br>FINDINGS<br>AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

On May 6, 2020, *see* Case Register Report (Doc. 5) at 1, Plaintiff Colvin filed a complaint (Doc. 8-3) in Montana's Sixth Judicial District Court, Park County. Pursuant to 28 U.S.C. § 1441, *see* Notice of Removal (Doc. 1) at 1, Defendant Comenity Bank ("Comenity") removed the case to this Court on June 18, 2020. It filed a motion to dismiss on June 25, 2020. Colvin failed to respond.

On November 9, 2020, the Court granted Defendants' motion to dismiss but gave Plaintiff Colvin an opportunity to file an amended complaint on or before December 7, 2020. *See, e.g.*, *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Colvin was specifically advised that, if he failed to respond to the order, the Court would recommend dismissal of the case. *See* Order (Doc. 10) at 4. Colvin failed to respond to the Order.

Colvin's complaint listed four claims:  "In God We Trust/USA Inc.," "FDCPA Violation $10000.00," "FCRA Violation $1000.00," and "Montana State Statutes for FDCPA Violations."  After each of these phrases, Colvin referred to Exhibits A, B, C, and D, respectively.  *See* Compl. (Doc. 5-1) at 1.  The exhibits consisted of "text for the in God We Trust/US Inc. filing," *see* Compl. Ex. (Doc. 5-1) at 14, an internet printout concerning In God We Trust/U.S.A. Inc., *see id.* at 15–16, laws or guides to law, *see id.* at 17–18, 20–26, 31–36, 42–43, two copies of a credit report for Daniel Colvin, *see id.* at 27–29, 37–40, and an unsourced statement titled "Montana Statute of Limitations on Debt Collection," *see id.* at 44.

The Court found, and still finds, that Colvin merely alleged that he had claims for relief.  Printed laws or legal resources cannot supply facts supporting a claim on which relief may be granted.  Despite some guidance about what he must do to state a claim, *see* Order (Doc. 10) at 3–4, Colvin has not stated one.  The case should be dismissed.

The Court notes that the state court permitted Colvin to proceed without paying filing or service fees.  *See* State Court Order (Doc. 6) at 1.  But, as Colvin has failed to state a claim, the District Court should certify that any appeal of its disposition would not be taken in good faith.  *See* Fed. R. App. P. 24(a)(4)(B).

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. This action should be DISMISSED as Plaintiff Colvin has failed to state a claim on which relief may be granted.

2. The District Court should CERTIFY that any appeal of its disposition would not be taken in good faith as the complaint is too sparse to support a claim.

3. The clerk should be directed to enter, by separate document, a judgment in favor of Defendant Comenity Bank and against Plaintiff Colvin.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may object to the Findings and Recommendations within 14 days. *See* 28 U.S.C. § 636(b)(1).[1] Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Colvin must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 7th day of January, 2021.

                                               */s/ Timothy J. Cavan*
                                               Timothy J. Cavan
                                               United States Magistrate Judge

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served." Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.